BROOKLYN (GUIDET v.). See Case No. 5,-858.

BROOKLYN CITY R. CO. (HORMAN PATENT MANUF'G CO. v.). See Case No. 6,703.

BROOKLYN CITY R. CO. (OSBORNE v.). See Case No. 10,597.

BROOKLYN CITY R. CO. (VAN BOKELEN v.). See Case No. 16,830.

BROOKLYN CITY, ETC., R. CO. (NATIONAL BANK OF THE REPUBLIC v.). See Case No. 10,039.

BROOKLYN ICE CO. (HENLEY v.). See Cases Nos. 6,363 and 6,364.

BROOKLYN LIFE INS. CO. (DUTCHER v.). See Case No. 4,202.

BROOKLYN LIFE INS. CO. (MILLER v.). See Case No. 9,564.

## Case No. 1,940.

### BROOKLYN WHITE LEAD. CO. v. PIERCE.

[4 Cranch, C. C. 531.][1]

Circuit Court, District of Columbia. March Term, 1835.

PLEADING — PLEAS IN ABATEMENT — AMENDMENT OF DECLARATION.

1. A plea of misnomer, in abatement, is too late after the expiration of the rule to plead.

2. The plaintiff, in a joint action against two defendants, may, of right, at the trial term, amend his declaration by suggesting the proceeding by two non ests against the defendant who has not been taken.

The rule to plead expired on the first Monday in November, 1834. Mr. Hall, for the defendant, in January, 1835, pleaded misnomer in abatement.

THE COURT said it was too late, and rejected the plea, and refused to continue the cause, or to permit the defendant to plead de novo, as of right.

Mr. Bradley, for the plaintiff, then moved to suggest in the declaration the proceeding by two non ests against the joint defendant who had not been taken.

THE COURT (nem. con.) said it was an amendment of course, and no leave of the court was necessary.

## Case No. 1,941.

BROOKMAN et al. v. The REBECCA FOGG.

[Betts' Scr. Bk. 545.]

District Court, S. D. New York. Oct. 15, 1856.

SHIPPING — NECESSITIES PURCHASED IN FOREIGN PORT—LIABILITY OF VESSEL, OWNER, AND MASTER.

[One who furnishes supplies, repairs, or advances to a vessel in a foreign port may, at his election, hold to liability therefor the owner, the master, or the vessel.]

[In admiralty. Libel by Henry D. Brookman and others against the schooner Rebecca

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

Fogg for supplies, repairs, and advances. Decree for libellants.]

Before INGERSOLL, District Judge.

This was a suit brought to recover for supplies, repairs, and advances furnished to the schooner by the libellants. It appeared in evidence that the schooner was a foreign vessel, owned in Boston. She had been chartered by a parol agreement on shares, the libellant being in ignorance thereof. Dickey appointed his brother the master, and insisted that he was not his agent, and the vessel not liable for the supplies.

It was HELD BY THE COURT that the liability of a foreign vessel for necessities furnished to her is not collateral to the personal liability of her owner or any one else. The man who makes advances to her may look to the owner, to the vessel, or to the master, or he may waive his right against either of them. If he makes advances and takes a bottomry bond, he can look only to the ship. The ship may be liable independent of any personal indebtedness of any owner, either general or special. After citing a number of authorities from the books, his honor held that a decree must be granted to the libellants, with a reference to ascertain the amount due.

## Case No. 1,941a.

### BROOKMAN v. SIXTY BARRELS OF MOLASSES.

[N. Y. Times, June 5, 1862.]

District Court, D. Connecticut. 1862.

ADMIRALTY—PRACTICE — EXCEPTIONS TO COMMISSIONER'S REPORT—LIS PENDENS.

[In a suit in rem for freight and demurrage, after a decision in favor of libelants, the objection that the item of freight had been found due libelants in a pending suit in personam cannot be raised by way of exception to the commissioner's report.]

[In admiralty. Libel by Henry D. Brookman and others against sixty barrels of molasses, etc., for freight and demurrage. Exceptions to commissioner's report overruled, and decree given for libelants.]

Benedict, Bunn & Benedict, for libelants.
Heath & Beebe, for claimants.

Before Judge SHIPMAN.

This case came up on exceptions to the commissioner's report. The suit was brought to recover an alleged balance of freight and demurrage on a charter party. The court decided in favor of the libelants for both freight and demurrage, and referred it to a commissioner to ascertain the amount. To his report the claimants excepted, claiming, first, that the commissioner had reported too large a balance of freight money due. The evidence before him was the same as that which was laid before the court. The second exception was as to the amount of demurrage. The voyage was from New-York